IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jackson National Life Insurance Company, | ) ) C/A No. 5:10-2544-MBS |
| Plaintiff, | ) ) ) |
| vs. | ) ) **OPINION AND ORDER** |
| Rosa L. Mason, Williams Funeral Home, and Sharon Frinks, | ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Jackson National Life Insurance Company brought this interpleader action on September 29, 2010. Plaintiff contends that Defendants Rosa L. Mason, Williams Funeral Hone, and Sharon Frinks all have or may have claims against a life insurance policy (the "Policy") issued to Frank Goodwin ("Decedent"). On December 3, 2010, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 22 to deposit proceeds of the Policy into the court and to be dismissed from this action. No party filed a response in opposition to the motion. The court granted the motion on January 4, 2011.

This matter is before the court on motion for summary judgment filed by Defendant Frinks on March 23, 2011 (ECF No. 30). Defendants Mason and Williams Funeral Home filed a response in opposition on April 11, 2011, to which Defendant Frinks filed a reply on April 15, 2011.

I. FACTS

The following facts are not disputed. Life of Georgia, predecessor-in-interest to Plaintiff, issued the Policy with an effective date of June 6, 1985 and a death benefit of $50,000. The primary beneficiary was Sharon Goodwin, now known as Sharon Frinks. Compl. ¶ 7, ECF No. 1. On April

27, 1987, at the request of Decedent, Life of Georgia decreased the death benefit to $25,000. Id. ¶ 8. On April 22, 1987, Decedent executed an Absolute Assignment of Life Insurance Policy ("Assignment"). Id., Exh. A, ECF No. 1-1. The Assignment transferred all incidents of ownership of the Policy to Sharon Goodwin and designed Sharon Goodwin as the beneficiary under the Policy. Id. Life of Georgia recorded the Assignment on May 7, 1987. The Assignment was included as part of a divorce settlement between Decedent and Sharon Goodwin. Id. ¶ 9. After the divorce, Sharon Goodwin returned to her maiden name, Frinks. Id., Exh. E, ECF No. 1-5. Defendant Frinks maintained payments on the Policy subsequent to her divorce from Decedent. Id. She also took out a number of loans against the Policy. Compl. ¶ 10, ECF No. 1.

Plaintiff acquired the Policy on or about September 28, 2005. Compl. ¶ 11, ECF No. 1. Despite the Assignment, Plaintiff loaned $800.00 against the Policy to Decedent on or about November 16, 2006. Id. ¶ 12. Further, on May 25, 2010, Plaintiff received a request to change the primary beneficiary under the Policy from Defendant Frinks to Defendant Mason. Id. ¶ 13. Plaintiff sent Decedent a confirmation of beneficiary change on May 27, 2010. Id. ¶ 14. Decedent died on June 17, 2010. On June 18, 2010, Defendant Mason executed an Irrevocable Assignment of the Policy to Defendant Williams Funeral Home for the purpose of paying Decedent's funeral expenses. Id., Exh. D, ECF No. 1-4. The face value of the Policy at the time of death was $12,002.18 plus interest. Compl. ¶ 17, ECF No. 1.

## II. DISCUSSION

Defendant Frinks has moved for summary judgment pursuant to Fed. R. Civ. P. 56. Rule 56(a) provides that summary judgment shall be granted when a moving party has shown "[that] there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## Law/Analysis

Defendant Frinks asserts that she is entitled to summary judgment because, as owner of the Policy, Decedent's purported change of beneficiary was ineffective. The court agrees.

There is no argument that the Assignment is valid and enforceable and that Decedent had the right to transfer ownership of the Policy to Defendant Frinks. Once Decedent transferred ownership of the Policy to Defendant Frinks, only Defendant Frinks had the right to change beneficiaries. See Fuller v. Harrison, 456 S.E.2d 684, 686 (Ga. Ct. App. 1995). When ownership of a policy is transferred, the transferee acquires the authority to exercise any rights or privileges granted therein, even though another party originally contracted for the policy. Fidelity Bankers Life Ins. Co. v. Dortch, 348 S.E.2d 794, 797 (N.C. 1986) (citing 2 J. Appleman & J. Appleman, Insurance Law and Practice § 771 (rev. ed. 1966)). The power to change beneficiaries "falls squarely into the category of rights and privileges" under the insurance policy. Id. Therefore, the owner is the only person who can exercise the power to change beneficiaries, even though the owner is not the insured. Id. (Citing 5 Couch on Insurance 2d § 28.37 (rev. ed. 1984)). Cf. Universal Assurors Life Ins. Co. v. Hohnstein, 500 N.W.2d 811, 815-16 (Neb. 1993) (under Nebraska law, owner of life insurance policy has the right to change beneficiary unless appointment of beneficiary was made irrevocable; owner need not be the insured) (interpreting Neb. Rev. St. § 44-370)). It follows that Decedent's purported

3

assignment of the Policy to Defendant Mason was ineffectual.

Defendant Mason contends that the conduct of Plaintiff in approving a loan to Decedent and approving the beneficiary change on May 27, 2010 led Defendant Mason to believe that Decedent was the rightful owner of the Policy. Defendant Mason asserts that Plaintiff should be estopped from denying her claim for proceeds under the Policy. Defendant Williams Funeral Home asserts the same claims against Plaintiff because it relied upon Defendant Mason being the proper beneficiary when she executed an assignment of the insurance proceeds to pay for Decedent's funeral expenses. Plaintiff's conduct does not alter the fact that Decedent was without authority to make Defendant Mason a beneficiary under the Policy. However, because Plaintiff was dismissed as a party without objection on January 4, 2011, it would appear that any equitable claims raised by Defendants Mason and Williams Funeral Home should be asserted against Plaintiff in separate action in the appropriate forum.

### III. CONCLUSION

For the reasons stated, Defendant Frinks' motion for summary judgment (ECF No. 30) is **granted**. The Office of the Clerk of Court shall disburse the Policy proceeds to Defendant Frinks, with interest.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 25, 2011.

4